**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of Texas _____
(State)

Case number (*if known*): _____ Chapter 11

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | Diamond Sports Net Arizona, LLC |

| | |
|---|---|
| 2. **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names, and *doing business as* names | Fox Sports Net Arizona, LLC; Fox Sports Net Arizona, L.P.; Bally Sports Arizona; FOX Sports Arizona |

| | |
|---|---|
| 3. **Debtor's federal Employer Identification Number** (EIN) | 9 5 - 4 5 8 1 1 6 8 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 10706 Beaver Dam Road | 3003 Exposition Blvd. |
| Number     Street | Number     Street |
| | P.O. Box |
| Hunt Valley     MD  21030 | Santa Monica     CA     90404 |
| City     State     ZIP Code | City     State     ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Baltimore County | 455 North 3rd Street |
| County | Number     Street |
| | Suite 290 |
| | Phoenix     AZ     85004 |
| | City     State     ZIP Code |

| | |
|---|---|
| 5. **Debtor's website** (URL) | http://www.ballysports.com |

Debtor  <u>Diamond Sports Net Arizona, LLC</u>                     Case number *(if known)*_____
<span style="font-size:smaller">Name</span>

| | |
|---|---|
| **6.  Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | ☐ Partnership (excluding  LLP) |
| | ☐ Other. Specify: _____ |

| | |
|---|---|
| **7.  Describe debtor's business** | **A.** *Check one:* |
| | ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) |
| | ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) |
| | ☐ Railroad (as defined in 11 U.S.C. § 101(44)) |
| | ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) |
| | ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) |
| | ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) |
| | ☒ None of the above |
| | |
| | **B.** *Check all that apply:* |
| | ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) |
| | ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) |
| | ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) |
| | |
| | **C.**  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See [http://www.uscourts.gov/four-digit-national-association-naics-codes](http://www.uscourts.gov/four-digit-national-association-naics-codes) . |
| | <u>5</u>  <u>1</u>  <u>5</u>  <u>2</u> |

| | |
|---|---|
| **8.  Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br><br>☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11. *Check **all** that apply*:<br><br>☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br><br>☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br><br>☐ A plan is being filed with this petition.<br><br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br><br>☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br><br>☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br><br>☐ Chapter 12 |

Debtor    <u>Diamond Sports Net Arizona, LLC</u>       Case number *(if known)* _____
        Name

---

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.   District _____   When _____   Case number _____
                         MM / DD / YYYY

          District _____   When _____   Case number _____
                         MM / DD / YYYY

---

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.   Debtor   <u>See Rider 1</u>      Relationship   <u>Affiliate</u>

         District   <u>Southern District of Texas</u>      When   <u>03 / 14 / 2023</u>
                                                       MM / DD / YYYY

         Case number, if known _____

---

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

     What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                     Number       Street

                     _____

                     _____      _____
                     City                          State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

         Contact name _____

         Phone _____

---

**Statistical and administrative information**

---

Debtor  Diamond Sports Net Arizona, LLC
_____
Name
Case number (if known)_____

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets[1]**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities[2]**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03 / 14 / 2023
MM / DD / YYYY

✖ /s/  David F. DeVoe, Jr.
_____
Signature of authorized representative of debtor

David F. DeVoe, Jr.
_____
Printed name

Title  Chief Financial Officer
_____

---

[1] The Debtors' estimated assets are provided on a consolidated basis.
[2] The Debtors' estimated liabilities are provided on a consolidated basis.

Debtor  <u>Diamond Sports Net Arizona, LLC</u>
      Name

Case number *(if known)*_____

---

**18. Signature of attorney**

✖ /s/  John F. Higgins      Date  <u>03 / 14 / 2023</u>
      Signature of attorney for debtor        MM  / DD / YYYY

<u>John F. Higgins</u>
Printed name

<u>Porter Hedges LLP</u>
Firm name

<u>1000     Main St., 36th Floor</u>
Number      Street

<u>Houston</u>      <u>TX</u>    <u>77002</u>
City        State      ZIP Code

<u>(713) 226-6648</u>      <u>jhiggins@porterhedges.com</u>
Contact phone        Email address

<u>09597500</u>      <u>TX</u>
Bar number        State

## Rider 1

### Affiliated Entities

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in the United States Bankruptcy Court for the Southern District of Texas a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532. Contemporaneously with the filings of these petitions, such entities filed a motion requesting joint administration of their chapter 11 cases under the case number assigned to the chapter 11 case of Diamond Sports Group, LLC.

ARC Holding, Ltd.
Diamond Sports Group, LLC
Diamond College Sports, LLC
Diamond Digital Group, LLC
Diamond Gaming Services, LLC
Diamond Mobile Holdings, LLC
Diamond Ohio Holdings, LLC
Diamond Ohio Holdings II, LLC
Diamond San Diego Holdings, LLC
Diamond Southern Holdings, LLC
Diamond Sports Net Arizona Holdings, LLC
Diamond Sports Net Arizona, LLC
Diamond Sports Net Detroit, LLC
Diamond Sports Net Florida, LLC
Diamond Sports Net North, LLC
Diamond Sports Net Ohio, LLC
Diamond Sports Net West 2, LLC
Diamond Sports Net, LLC
Diamond Sports Sun, LLC
Diamond St. Louis Holdings, LLC
Diamond West Holdings, LLC
Diamond-BRV Southern Sports Holdings, LLC
Fastball Sports Productions, LLC
FRSM Holdings LLC
Sports Holding, LLC
Sports Network, LLC
Sports Network II, LLC
SportSouth Network, LLC
SportSouth Network II, LLC
Sunshine Holdco, LLC

**Fill in this information to identify the case:**

Debtor name  Diamond Sports Net Arizona, LLC

United States Bankruptcy Court for the:  Southern                    District of  Texas
(State)

Case number (if known):  _____

☐  Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. Bank National Association, as Trustee for 6.625% Senior Unsecured Notes Due 2027<br>Corporate Trust Services, 18th Floor<br>1021 East Cary Street, Suite 1850<br>Richmond, Virginia 23219 | Melody Scott<br>877-312-1425<br>melody.scott@us.bank.com | Debt | | | | $1,811,587,381 |
| 2 | CFD Trust No. 8<br>Dolan Broadcast Properties, Ltd.<br>c/o Thrasher, Dinsmore & Dolan<br>100 7th Avenue, Suite 150<br>Chardon, OH 44024-1079 | Joseph Znidarsic, Trustee<br>440-285-2242<br>jznidarsic@tddlaw.com | Contract Obligation | | | | $77,216,368 |
| 3 | DIRECTV, LLC<br>Attn: Senior Vice President Programming Acquisitions<br>2230 East Imperial Highway<br>El Segundo, CA 90245 | Michael Hartman<br>310-964-5000<br>media@directv.com | Customer | Subject to Set Off | | | $40,104,422 |
| 4 | AZPB Limited Partnership<br>401 East Jefferson Street<br>Pheonix, AZ 85004 | Derrick Hall<br>602-462-6588<br>dhall@dbacks.com | Sports Right Counterparty | | | | $30,871,752 |
| 5 | Intelsat S.A.<br>7900 Tysons Place, Floor 14<br>McLean, VA 22102 | Michelle Bryan<br>703-559-6800<br>michelle.bryan@intelsat.com | Trade Vendor | Contingent | | | $15,000,000 |
| 6 | Raycom Sports Network, Inc.<br>160 Mine Lake Ct Ste 200<br>Raleigh, NC 27615-6417 | Laura Rhyne<br>704-338-3061<br>Laura.Rhyne@raycomsports.com | Sports Right Counterparty | | | | $8,530,186 |
| 7 | Home Team Sports (HTS), a division of National Advertising Partners, by its General Partner, PlayFly NAP GP 1, LLC<br>1175 Peachtree Street Ne<br>100 Colony Sq Ste 408<br>Atlanta, Georgia 30361 | Michael Schreiber, CEO<br>404-230-0359<br>Peter.Mosienko@Foxsports.net | Contract Obligation | | | | $5,110,126 |

Debtor  **Diamond Sports Net Arizona, LLC**                     Case number *(if known)* _____
_____
Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | Harte-Hanks Response Management Austin Inc PO Box 679164 Dallas, TX 75267 | Gregorio Alfonso 516-849-6713 gregorio.alfonso@hartehanks.com | Trade Vendor | | | | $247,904 |
| 9 | Evergent Technologies, Inc. 1250 Borregas Ave Sunnyvale, CA 94089 | Richard Johnson 877-897-1240 info@evergent.com | Trade Vendor | | | | $170,000 |
| 10 | Mercury Sports LLC 214 Overlook Circle, Suite 220 Brentwood, TN 37027 | Michael Ligon 615-465-4193 mligon@mercuryintermedia.com | Trade Vendor | | | | $143,675 |
| 11 | Minor Vices Inc 61 Greenpoint Ave, #635 Brooklyn, NY 11222 | Gina Terada 646-694-0062 gina@minorvices.com | Trade Vendor | | | | $122,500 |
| 12 | VITAC Dept CH 18079 Palatine, IL 60055 | Janet Anaya 303-468-4687 janet.anaya@vitac.com | Trade Vendor | | | | $100,930 |
| 13 | Think Systems, Inc. PO Box 338 Kingsville, MD 21087 | Tony Gruebl 410-870-9967 tgruebl@thinksi.com | Trade Vendor | | | | $60,699 |
| 14 | Getty Images US, Inc. PO BOX 953604 St. Louis, MO 63195 | Kjelti Kellough 800-462-4379 kjelti.kellough@gettyimages.com | Trade Vendor | | | | $54,516 |
| 15 | TecVeris LLC 3125 Wheatfield Road Finksburg, MD 21048 | Milliei Paniccia 443-803-7180 millie.paniccia@tecveris.com | Trade Vendor | | | | $53,837 |
| 16 | IATSE National Benefit Fund 417 Fifth Ave, 3rd Floor New York, NY 10016 | Lana Nikitenko 212-580-9092 lnikitenko@iatsenbf.org | Trade Vendor | | | | $52,662 |
| 17 | CAA Sports, LLC 2000 Avenue of the Stars Los Angeles, CA 90067 | Frank Moore 424-288-2178 fmoore@caa.com | Trade Vendor | | | | $50,000 |
| 18 | Checkmate Media, Inc. 207 Harbor Lane Massapequa Park, NY 11762 | Barry Watkins 917-841-2200 watkinscheckmate@outlook.com | Trade Vendor | | | | $44,529 |
| 19 | West Agile Labs Inc 74 Tehama Street San Francisco, CA 94104 | Pramod Dabir 415-766-9378 pdabir@westagilelabs.com | Trade Vendor | | | | $30,322 |
| 20 | Hockey Western New York LLC One Seymour H Knox III Plaza Buffalo, NY 14203 | Catie Basinski 716-855-4774 catie.basinski@psentertainment.com | Trade Vendor | | | | $30,133 |
| 21 | MSGN Holdings LP 4 Penn Plaza New York, NY 10121 | James Dolan 212-465-6400 MSGScorpcomms@msg.com | Trade Vendor | | | | $27,081 |
| 22 | Ease Live AS C Sundts Gate 37 Bergen 5004 Norway | Kjetil Horneland 95-93-85-18 kjetil@easelive.tv | Trade Vendor | | | | $26,000 |

Debtor    Diamond Sports Net Arizona, LLC

Name

Case number (*if known*) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 23 | Amazon Web Services, Inc. PO Box 84023 Seattle, WA 98124-8423 | Daniel Greenberg 206-266-4064 contracts-legal@amazon.com | Trade Vendor | | | | $24,000 |
| 24 | Sirius Computer Solutions, Inc. PO BOX 202289 Dallas, TX 75230 | Joe Mertens 800-460-1237 info@siriuscom.com | Trade Vendor | | | | $23,753 |
| 25 | AT&T 208 Akard Street Dallas, TX 75202 | David McAtee 210-821-4105 david.mcatee@att.com | Trade Vendor | | | | $22,374 |
| 26 | Worldlink Ventures, Inc. 6100 Wilshire Blvd, Suite 1400 Los Angeles, CA 90048 | Toni Knight 323-866-5900 Info@WorldLinkMedia.com | Trade Vendor | | | | $11,988 |
| 27 | Imagn Content Services LLC 7950 Jones Branch Drive McLean, VA 22107 | Burce Odle 646-601-7202 sales@imagn.com | Trade Vendor | | | | $10,080 |
| 28 | Genius Tech International PTY LTD LG 432 ST Kilda Road Melbourne VIC 3004 Austrailia | Nathan Rothschild 408-527-647 nathan@gtgnetwork.com | Trade Vendor | | | | $9,188 |
| 29 | XLT Management Services Inc 2050 S Finley Road, Suite 80 Lombard, IL 60148 | Thomas Zeller 630-869-1871 tzeller@xltms.com | Trade Vendor | | | | $7,241 |
| 30 | Social Booth Experiential LLC 11138 Treynorth Drive, Suite B Cornelius, NC 28031 | Blair Stopnik 704-275-1021 blair.stopnik@sbx.agency | Trade Vendor | | | | $6,000 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Diamond Sports Net Arizona, LLC, | ) Case No. 23-        (___) |
| | ) |
| Debtor. | ) |
| | ) |

**LIST OF EQUITY SECURITY HOLDERS**

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the debtor respectfully represents that the below chart identifies the holders of the debtor's sole class of equity interests and sets forth the nature and percentage of such interests held as of the filing of the debtor's chapter 11 petition:

| Interest Holder | Class/Percentage of Interest Held | Mailing Address of Interest Holder |
|---|---|---|
| Diamond Sports Net Arizona Holdings, LLC | 100% Membership Interests | c/o Diamond Sports Group, LLC 3003 Exposition Blvd. Santa Monica, CA 90404 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) |
| Diamond Sports Net Arizona, LLC, | ) Case No. 23-         (___) <br> ) |
| Debtor. | ) <br> ) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following list identifies corporations that own 10% or more of the debtor's equity interests as of the filing of the debtor's chapter 11 petition:

| Interest Holder | Class/Percentage of Interest |
|---|---|
| Diamond Sports Net Arizona Holdings, LLC | 100% Membership Interests |

<table>
<tr><td colspan="2" style="background:black;color:white"><strong>Fill in this information to identify the case and this filing:</strong></td></tr>
</table>

Debtor Name __Diamond Sports Net Arizona, LLC__

United States Bankruptcy Court for the: __Southern_____ District of __Texas____
(State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration_____ List of Equity Security Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

✖ /s/  David F. DeVoe, Jr._____
Signature of individual signing on behalf of debtor

Executed on __03 / 14 / 2023__
MM / DD / YYYY

David F. DeVoe, Jr._____
Printed name

Chief Financial Officer_____
Position or relationship to debtor

EXECUTION VERSION

**OMNIBUS WRITTEN CONSENT IN LIEU OF A MEETING**
**OF**
**THE GOVERNING BODIES**
**OF**
**THE DIAMOND COMPANIES (AS DEFINED BELOW)**

March 14, 2023

**WHEREAS**, (i) Diamond Sports Group, LLC ("DSG"), a Delaware limited liability company, is managed by a Board of Managers (the "DSG Board"); (ii) each of Sports Network II, LLC, Sports Network, ILC, Diamond Digital Group, LLC, Diamond Gaming Services, LLC, and Diamond Sports Net, LLC ("DSN") are Delaware limited liability companies managed by their sole member, DSG (collectively, the "DSG Managed Entities"); (iii) Diamond Southern Holdings, LLC ("SouthCo"), a Colorado limited liability company, and each of Diamond San Diego Holdings, LLC, Diamond West Holdings, LLC, Diamond Mobile Holdings, LLC, Sports Holding, LLC ("Sports HoldCo"), Diamond Ohio Holdings, LLC ("DOH"), Diamond Sports Net Arizona Holdings, LLC ("DSN AZ HoldCo"), Diamond Sports Net West 2, LLC, Diamond College Sports, LLC, FRSM Holdings LLC ("FRSM"), Diamond Sports Net North, LLC, Sunshine Holdco, LLC ("SunCo"), and Diamond Sports Net Florida, LLC, each of which are Delaware limited liability companies, are managed by their sole member, DSN (collectively, the "DSN Managed Entities"); (iv) Diamond Ohio Holdings II, LLC ("DOH II"), a Delaware limited liability company, is managed by its sole member, DOH; (vi) each of Diamond Sports Net Ohio, LLC, a Delaware limited liability company, and Fastball Sports Productions, LLC, an Ohio limited liability company, are managed by their sole member, DOH II (together, the "DOH II Managed Entities"); (v) Diamond Sports Net Arizona, LLC ("DSN AZ"), a Delaware limited liability company, is managed by its sole member, DSN AZ HoldCo; (vi) Diamond Sports Net Detroit, LLC ("DSN Detroit"), a Delaware limited liability company, is managed by its sole member, FRSM; (vii) Diamond Sports Sun, LLC ("DSS"), a Delaware limited liability company, is managed by its sole member, SunCo; (viii) Diamond-BRV Southern Sports Holdings, LLC ("DBRV"), a Delaware limited liability company, is managed by its sole member, SouthCo; (ix) each of SportSouth Network, LLC and SportSouth Network II, LLC are Delaware limited liability companies managed by their sole member, DBRV (together, the "DBRV Managed Entities"); (x) Diamond St. Louis Holdings, LLC ("DSLH"), a Delaware limited liability company, is managed by its sole member, ARC Holding, Ltd. ("ARC"); and (xi) ARC, a Texas limited partnership, is managed by its general partner, Sports HoldCo;

**WHEREAS**, DSG, the DSG Managed Entities, the DSN Managed Entities, DOH II, the DOH II Managed Entities, DSN AZ, DSN Detroit, DSS, DBRV, the DBVR Managed Entities, DSLH, and ARC are referred to collectively herein as the "Diamond Companies" and each as a "Company;"

**WHEREAS**, each of (i) the DSG Board, (ii) DSG as the sole member of each of the DSG Managed Entities, (iii) DSN as the sole member of each of the DSN Managed Entities, (iv) DOH as the sole member of DOH II, (v) DOH II as the sole member of each of the DOH II Managed Entities, (vi) DSN AZ HoldCo as the sole member of DSN AZ, (vii) FRSM as the sole member of DSN Detroit, (viii) SunCo as the sole member of DSS, (ix) SouthCo as the sole

member of DBRV, (x) DBRV as the sole member of each of the DBRV Managed Entities, (xi) ARC as the sole member of DSLH, and (xii) Sports HoldCo as the general partner of ARC are referred to collectively herein as the "<u>Governing Bodies</u>" and each as a "<u>Governing Body</u>;"

WHEREAS, Mr. David Preschlack, Mr. David DeVoe, Jr., and any other officer or other authorized person of the applicable Company (each, an "<u>Authorized Person</u>") are each authorized to take action on behalf of the applicable Company;

WHEREAS, the DSG Board has established a conflicts committee of the DSG Board comprised of four independent and disinterested managers, Ms. Maryann Turcke, Mr. Randy Freer, Mr. David Preschlack, and Mr. Robert Whitsitt (the "<u>Conflicts Committee</u>");

WHEREAS, the DSG Board delegated to the Conflicts Committee, among other things, the authority to review and make decisions regarding any transactions, agreements, disputes, or other matters involving DSG or any of its subsidiaries, on the one hand, and Sinclair Broadcast Group, Inc. ("<u>Sinclair</u>") and its subsidiaries and affiliates (other than DSG and its subsidiaries), on the other hand (the foregoing, collectively, the "<u>Related Party Matters</u>");

WHEREAS, the DSG Board further delegated to the Conflicts Committee the full and complete authority of the Board with respect to any Related Party Matter that is exclusively between DSG or one or more of its subsidiaries and Sinclair (each, a "<u>Fully-Delegated Matter</u>") and further determined not to approve any Related Party Matter that otherwise involves a party other than DSG or one or more of its subsidiaries and Sinclair (each, a "<u>Recommendation Matter</u>") unless the Conflicts Committee has recommended that any such matter be approved by the Board;

WHEREAS, the Conflicts Committee has determined that each of the matters the Conflicts Committee is approving and recommending herein, including (which word and similar forms thereof, for all purposes of these resolutions, shall be interpreted to be followed by the words, "without limitation") the commencement of the Chapter 11 Cases (as defined below) and the Diamond Companies' entry into and performance under the RSA (as defined below) and the Receivables Program Documents (as defined below), in each case, constitute Related Party Matters and Recommendation Matters;

WHEREAS, each Governing Body and the Conflicts Committee has reviewed and considered the financial and operational condition of their respective Company and of the Diamond Companies as a whole, including the historical performance of the Diamond Companies, the assets of the Diamond Companies, the current and long-term liabilities of the Diamond Companies, and relevant industry and credit market conditions, and have considered various alternatives in respect of such matters;

WHEREAS, each Governing Body and the Conflicts Committee has had the opportunity to consult with the management and the legal and financial advisors of the Diamond Companies to fully consider each of the strategic alternatives available to the Diamond Companies;

WHEREAS, each Governing Body and the Conflicts Committee has received, reviewed, and considered the recommendations of, and the materials presented by, the

management of the Diamond Companies and the Diamond Companies' legal, financial, and other advisors as to the relative risks and benefits of pursuing a case under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>");

   **WHEREAS**, the Conflicts Committee believes that taking the actions set forth below is in the best interests of the Diamond Companies and, therefore, recommends that the DSG Board approve the following resolutions; and

   **WHEREAS**, the DSG Board and the other Governing Bodies believe that taking the actions set forth below is in the best interests of each respective Company and, therefore, desires to approve the following resolutions;

## I. <u>Commencement of Chapter 11 Cases</u>

   **NOW, THEREFORE, BE IT RESOLVED**, that the Conflicts Committee and the applicable Governing Body of each Company have determined, on behalf of the applicable Company, after due consultation with the management and the legal and financial advisors of the Diamond Companies, that it is desirable and in the best interests of such Company, its creditors, and other parties in interest that a petition (the "<u>Petition</u>," and together with the similar petitions by all other Diamond Companies, the "<u>Petitions</u>") be filed by such Company seeking relief under the provisions of the Bankruptcy Code;

   **RESOLVED**, that Mr. David Preschlack, Mr. David DeVoe, Jr., as well as any other Authorized Person be, and hereby is, authorized and directed to execute and file in the name and on behalf of each Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the Southern District of Texas (the "<u>Bankruptcy Court</u>"), and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and to take and perform any and all further acts and deeds which such Authorized Person, who may act without the joinder of any other Authorized Person or any one of them, deems necessary, proper, or advisable in connection with each Company's chapter 11 case (each case, a "<u>Chapter 11 Case</u>," and collectively, the "<u>Chapter 11 Cases</u>"), including negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, with a view to the successful prosecution of such Chapter 11 Case;

## II. <u>Restructuring Support Agreement</u>

   **RESOLVED**, that in the judgment of the Conflicts Committee and the applicable Governing Body of each Company, it is desirable and in the best interests of such Company, its creditors, and other parties in interest, that such Company shall be, and hereby is, authorized to enter into that certain restructuring support agreement (the "<u>RSA</u>") by and among the Diamond Companies and certain consenting stakeholders (the "<u>Consenting Stakeholders</u>") substantially in the form presented to the Conflicts Committee and the Governing Bodies on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Person

executing the same shall approve, such approval to be conclusively evidenced by an Authorized Person's execution and delivery thereof;

      **RESOLVED**, that each Authorized Person be, and hereby is, authorized and empowered to enter into, on behalf of each applicable Company, the RSA, any additional agreements contemplated thereunder, any related ancillary documentation, and to take any and all actions necessary or advisable to advance such Company's rights and obligations therein, including filing pleadings; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to execute the RSA on behalf of such Company and to take all necessary actions in furtherance of consummation of such agreement's terms;

## III.    <u>Retention of Professionals</u>

      **RESOLVED**, that the law firms of Paul, Weiss, Rifkind, Wharton & Garrison LLP and Porter Hedges LLP, each as general reorganization and bankruptcy counsel, and Wilmer Cutler Pickering Hale and Dorr LLP, as special corporate and conflicts litigation counsel, be, and hereby are, retained to represent and assist the Diamond Companies in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases and to take any and all actions to advance the Diamond Companies' rights and obligations in the Chapter 11 Cases and all related matters, and any such prior actions are hereby ratified in their entirety;

      **RESOLVED**, that AlixPartners, LLP be, and hereby is, retained as financial advisor in connection with the Chapter 11 Cases and all related matters, and any such prior actions are hereby ratified in their entirety;

      **RESOLVED**, that Moelis & Company LLC and LionTree Advisors LLC be, and hereby are, retained as investment bankers in connection with the Chapter 11 Cases and all related matters, and any such prior actions are hereby ratified in their entirety;

      **RESOLVED**, that Kroll Restructuring Administration LLC be, and hereby is, retained as claims, noticing, solicitation, and administrative agent in connection with the Chapter 11 Cases and all related matters, and any prior actions taken in connection therewith are hereby ratified in their entirety;

      **RESOLVED**, that each of the Diamond Companies, be, and hereby are, authorized to employ any other professionals as the Governing Bodies, Conflicts Committee, or any Authorized Person hereafter determine may be necessary, proper, or advisable to assist the Diamond Companies, or any one of them, in carrying out their duties under the Bankruptcy Code or in the Chapter 11 Cases, and all related matters and to take any and all actions to advance the Diamond Companies' rights and obligations in connection therewith;

      **RESOLVED**, that each Authorized Person be, and hereby is, authorized and directed in the name and on behalf of each applicable Company to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of the foregoing professionals, as necessary;

**IV.     Receivables Program Documents**

   **RESOLVED**, that in the judgment of the Conflicts Committee and the applicable Governing Body of each applicable Company, it is desirable and in the best interests of such Company, its creditors, and other parties in interest, that such Company shall be, and hereby is, authorized to, as applicable, (a) continue selling, contributing, and/or servicing certain trade receivables and related interests (including collections, proceeds, and certain other interests related thereto, the "Receivables") and otherwise perform in accordance with the terms of (i) that certain Amended and Restated Loan and Security Agreement, dated as of June 25, 2021 (as amended, restated, supplemented, or otherwise modified from time to time, the "AR Loan Agreement"), by and among Diamond Sports Finance SPV, LLC, DSN, Sinclair, as Administrative Agent and Lender, and Wilmington Trust, National Association, as Collateral Agent, Paying Agent, Account Bank, and Back-Up Servicer, pursuant to which the Diamond Companies have access to a revolving credit facility (the "AR Loan Facility"), and (ii) that certain Purchase and Sale Agreement, dated as of September 23, 2020 (as amended, restated, supplemented, or otherwise modified from time to time, the "AR Purchase Agreement", and, together with the AR Loan Agreement and all other related documents, the "Receivables Program Documents"), by and among DSN, the Originators (as defined therein), and Diamond Sports Finance SPV, LLC and (b) enter into any amendments, waivers, restatements, supplements, or other modifications of the Receivables Program Documents as may be necessary or desirable in connection with the Chapter 11 Cases;

   **RESOLVED**, that each Authorized Person be, and hereby is, authorized and empowered to enter into and perform under, on behalf of each applicable Company, each of the Receivables Program Documents, any amendments, waivers, restatements, supplements, or other modifications with respect to the Receivables Program Documents to which such Company is a party, any additional agreements contemplated thereunder, and any related ancillary documentation, and to take any and all actions necessary or advisable to advance such Company's rights and obligations therein, including filing pleadings, and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to execute the Receivables Program Documents and any other documentation required or contemplated thereunder on behalf of such Company and to take all necessary actions in furtherance of consummation of such agreement's terms;

   **RESOLVED**, that each Authorized Person be, and hereby is, authorized and empowered to execute and deliver, on behalf of each applicable Company, any further amendment, amendment and restatement, waiver, or other modification to the Receivables Program Documents, in each case, to which such Company is a party, such approval to be conclusively evidenced by the execution and delivery thereof;

**V.     Cash Collateral and Adequate Protection**

   **RESOLVED**, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured creditors of the Diamond Companies (collectively, the "Prepetition Secured Creditors");

**RESOLVED**, that, to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Prepetition Secured Creditors (the "<u>Adequate Protection Obligations</u>"), as documented in order(s) to be entered by the Bankruptcy Court substantially in the form presented to the Conflicts Committee and the Governing Bodies on or in advance of the date hereof (the "<u>Cash Collateral Order</u>"), with such changes, additions, and modifications thereto as an Authorized Person shall approve;

**RESOLVED**, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to negotiate and incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Order;

**RESOLVED**, that any Authorized Person is hereby authorized and directed, in the name and on behalf of each applicable Company, to cause such Company to negotiate and approve the terms, provisions of, and performance of, and to prepare, execute, and deliver the Cash Collateral Order to which such Company is a party;

**RESOLVED**, that each Authorized Person is hereby authorized and directed, in the name and on behalf of each applicable Company, to take all such further actions, including to pay all fees and expenses, in accordance with the terms of the Cash Collateral Order and any documents in relation thereto (the "<u>Cash Collateral Documents</u>"), which shall, in such Authorized Person's sole judgment, be necessary, proper, or advisable to perform such Company's obligations under or in connection with the Cash Collateral Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

**RESOLVED**, that each Authorized Person is hereby authorized and directed, in the name and on behalf of each applicable Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper, or advisable;

## VI.   <u>General Authorization and Ratification</u>

**RESOLVED**, that the Conflicts Committee and each Governing Body, as applicable, have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the applicable Company, or hereby waives any right to have received such notice;

**RESOLVED**, that each Authorized Person be, and hereby is, authorized and directed, in the name and on behalf of each applicable Company, to (i) do and perform all such acts and things and enter into, execute, acknowledge, deliver, and file all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to take such further actions as such Authorized Person may deem necessary, proper, or advisable to effect the intent and accomplish the purposes of the foregoing resolutions, with the taking of any such action by such Authorized Person being conclusive evidence that the same did meet such standards as set forth above, (ii) perform the obligations of such Company under the Bankruptcy

Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person or his or her delegate performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person or his or her delegate shall be conclusive evidence of the approval thereof by such Authorized Person or his or her delegate and by such Company, and (iii) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions;

**RESOLVED**, that any and all actions taken by an Authorized Person prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of any applicable Company in all respects and for all purposes; and

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Conflicts Committee and each Governing Body, as applicable, each Authorized Person, the Conflicts Committee (and its designees and delegates), and each Governing Body (and their designees and delegates), as applicable, be, and hereby is, authorized and directed, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including filing fees, in each case as in such Authorized Person's judgment, shall be necessary, advisable, or desirable to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

*[Remainder of page intentionally left blank; signature pages follow]*

7

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first set forth above.

**CONFLICTS COMMITTEE OF THE BOARD OF DIAMOND SPORTS GROUP, LLC**

DocuSign by:

*Randy Freer*

438DB664482D41E...

_____
Randy Freer


_____
David Preschlack


_____
Maryann Turcke


_____
Robert Whitsitt

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first set forth above.

**CONFLICTS COMMITTEE OF THE BOARD OF DIAMOND SPORTS GROUP, LLC**

_____
Randy Freer

_David Preschlack_
3F7424CF1B9740A
_____
David Preschlack

_____
Maryann Turcke

_____
Robert Whitsitt

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first set forth above.

**CONFLICTS COMMITTEE OF THE BOARD OF DIAMOND SPORTS GROUP, LLC**

_____
Randy Freer

_____
David Preschlack

_____
Maryann Turcke

_____
Robert Whitsitt

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first set forth above.

**CONFLICTS COMMITTEE OF THE BOARD OF DIAMOND SPORTS GROUP, LLC**

_____

Randy Freer

_____

David Preschlack

_____

Maryann Turcke

DocuSigned by:

*Bob Whitsitt*

2E006ACFCC404CF...

Robert Whitsitt

**BOARD OF MANAGERS OF DIAMOND SPORTS GROUP, LLC**

DocuSign by:

*Randy Freer*

439DE864482D41E...

Randy Freer

_____

David Preschlack

_____

Maryann Turcke

_____

Christopher Ripley

_____

Robert Whitsitt

**BOARD OF MANAGERS OF DIAMOND SPORTS GROUP, LLC**

_____
Randy Freer

_____
David Preschlack

_____
Maryann Turcke

_____
Christopher Ripley

_____
Robert Whitsitt

SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT

**BOARD OF MANAGERS OF DIAMOND SPORTS GROUP, LLC**

_____

Randy Freer

_____

David Preschlack

_____

Maryann Turcke

_____

Christopher Ripley

_____

Robert Whitsitt

SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT

**BOARD OF MANAGERS OF DIAMOND SPORTS GROUP, LLC**

_____
Randy Freer


_____
David Preschlack


_____
Maryann Turcke

DocuSigned by:

_Chris Ripley_
9B103ABFB0F2467...
_____
Christopher Ripley


_____
Robert Whitsitt

SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT

**BOARD OF MANAGERS OF DIAMOND SPORTS GROUP, LLC**

_____

Randy Freer

_____

David Preschlack

_____

Maryann Turcke

_____

Christopher Ripley

DocuSigned by:

*Bob Whitsitt*

2FD06ACFCD9DALF...

_____

Robert Whitsitt

SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT

DocuSign Envelope ID: 67B0CA6C-9B4E-4G2F-88D4-A2D6813C3A20

**DIAMOND SPORTS GROUP, LLC,**
**as the sole member of:**

**SPORTS NETWORK, LLC,**

**SPORTS NETWORK II, LLC,**

**DIAMOND DIGITAL GROUP, LLC,**

**DIAMOND GAMING SERVICES, LLC,**

**DIAMOND SPORTS NET, LLC**

DocuSigned by:

*David Preschlack*

SF7424CF1B9740A...

By:  David Preschlack
Title:  Chief Executive Officer

SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT

**DIAMOND SPORTS NET, LLC,**
**as the sole member of:**

**DIAMOND SOUTHERN HOLDINGS, LLC,**

**DIAMOND SAN DIEGO HOLDINGS, LLC,**

**DIAMOND WEST HOLDINGS, LLC,**

**DIAMOND MOBILE HOLDINGS, LLC,**

**SPORTS HOLDING, LLC,**

**DIAMOND OHIO HOLDINGS, LLC,**

**DIAMOND SPORTS NET ARIZONA**
**HOLDINGS, LLC,**

**DIAMOND SPORTS NET WEST 2, LLC,**

**DIAMOND COLLEGE SPORTS, LLC,**

**FRSM HOLDINGS LLC,**

**DIAMOND SPORTS NET NORTH, LLC,**

**SUNSHINE HOLDCO, LLC,**

**DIAMOND SPORTS NET FLORIDA, LLC**

DocuSigned by:

*David Preschlack*

5F7424CF1B9780A...

By:  David Preschlack
Title:  Chief Executive Officer

**DIAMOND OHIO HOLDINGS, LLC,
as the sole member of DIAMOND OHIO
HOLDINGS II, LLC**

DocuSigned by:

*David Preschlack*

─────────────────────────────

By:  David Preschlack
Title:  Chief Executive Officer

**DIAMOND OHIO HOLDINGS II, LLC,
as the sole member of:**

**DIAMOND SPORTS NET OHIO, LLC,**

**FASTBALL SPORTS PRODUCTIONS, LLC**

DocuSigned by:

*David Preschlack*

─────────────────────────────

By:  David Preschlack
Title:  Chief Executive Officer

**DIAMOND SPORTS NET ARIZONA
HOLDINGS, LLC,
as the sole member of DIAMOND SPORTS NET
ARIZONA, LLC**

DocuSigned by:

*David Preschlack*

─────────────────────────────

By:  David Preschlack
Title:  Chief Executive Officer

**FRSM HOLDINGS LLC,**
**as the sole member of DIAMOND SPORTS NET**
**DETROIT, LLC**


DocuSigned by:

*David Preschlack*

5F7424CF1B9740A...

By:  David Preschlack
Title:  Chief Executive Officer


**SUNSHINE HOLDCO, LLC,**
**as the sole member of DIAMOND SPORTS**
**SUN, LLC**


DocuSigned by:

*David Preschlack*

5F7424CF1B9740A...

By:  David Preschlack
Title:  Chief Executive Officer


**DIAMOND SOUTHERN HOLDINGS, LLC,**
**as the sole member of DIAMOND-BRV**
**SOUTHERN SPORTS HOLDINGS, LLC**


DocuSigned by:

*David Preschlack*

5F7424CF1B9740A...

By:  David Preschlack
Title:  Chief Executive Officer


SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT

**DIAMOND-BRV SOUTHERN SPORTS
HOLDINGS, LLC,**
**as the sole member of:**

**SPORTSOUTH NETWORK, LLC**

**SPORTSOUTH NETWORK II, LLC**

DocuSigned by:

*David Preschlack*

5F7424CF1B9740A...

By:  David Preschlack
Title:  Chief Executive Officer


**ARC HOLDING, LTD.,**
**as the sole member of DIAMOND ST. LOUIS
HOLDINGS, LLC**

DocuSigned by:

*David Preschlack*

5F7424CF1B9740A...

By:  David Preschlack
Title:  Chief Executive Officer


**SPORTS HOLDING, LLC,**
**as the general partner of ARC HOLDING, LTD.**

DocuSigned by:

*David Preschlack*

5F7424CF1B9740A...

By:  David Preschlack
Title:  Chief Executive Officer

SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT